UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERESA JEAN DEMOSS,<br><br>    Plaintiff,<br><br>v.<br><br>DHS FINANCE & ADMINISTRATION DEP. et al.,<br><br>    Defendants. | Case No. 3:21-cv-00406<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

This action brought under Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12111–12117, arises out of pro se Plaintiff Teresa Jean DeMoss's employment by Defendant the Tennessee Department of Finance and Administration (TDFA). (Doc. No. 4.) TDFA and Defendants Human Resource Director Dana Braxton, Fiscal Director Jeromy Chatfield, Department Controller Krysta Krall, and Fiscal Director Steven Tydings have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) DeMoss's amended complaint for failure to state a claim on which relief can be granted. (Doc. No. 13.) The defendants argue that DeMoss's claims are barred by the doctrine of sovereign immunity. (Doc. No. 14.) DeMoss responded in opposition to the motion to dismiss (Doc. No. 16), and the defendants filed a reply (Doc. No. 19).

For the reasons that follow, the Magistrate Judge will recommend that the Court grant the defendants' motion to dismiss.

I.       **Background**

     A.       **Factual Background**[1]

DeMoss was hired by TDFA for a data entry position in 1996 and later became an account technician. (Doc. No. 4-1.) In December 2018, DeMoss's department relocated to a new building. (*Id.*) Before the move, DeMoss's supervisors permitted her to work in a cubicle with no windows and without overhead lighting because DeMoss experienced migraines and has a history of skin cancer. (*Id.*) After the move, DeMoss was reassigned to the childcare unit, where she reported to Tydings. (*Id.*) DeMoss alleges that Tydings and Krall refused her requests to work in a dark room away from windows and, when she hung cardboard around her cubicle to block out the light, Tydings tore the cardboard down. (*Id.*) DeMoss asked Krall for a glass panel to block out light, but the request was refused even though similar requests by other employees had been granted. (*Id.*) When DeMoss contacted Braxton to ask for accommodations, Braxton told her to submit a statement from a doctor. (*Id.*) DeMoss did so, but was still not permitted to work in a darkened room, even though other employees were permitted to do so without submitting medical documentation. (*Id.*)

DeMoss also alleges that Tydings screamed at her, refused to allow her to work from home, told her she needed to work faster, placed her on a performance improvement plan, and held her to a different standard than other employees, and that Chatfield, who is Tydings's supervisor, "allowed this to go on." (*Id.* at PageID# 82.) DeMoss requested a transfer and applied to her previous position but did not receive an interview and was told that "upper management" told the

---

[1]     The facts in this section are drawn from DeMoss's amended complaint and exhibits (Doc. Nos. 4–4-3) and accepted as true for purposes of resolving the defendants' motion to dismiss. *See Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

managers in her old department that "they were not allowed to interview [her] for that position or any position . . . ." (*Id.* at PageID# 80.)

DeMoss initiated an internal complaint in July 2019 and filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) on December 12, 2019. (Doc. No. 4-1.)

### B. Procedural Background

DeMoss initiated this action by paying the Court's filing fee and filing a form complaint alleging that TDFA discriminated against her in violation of the ADA. (Doc. No. 1.) On June 29, 2021, she filed an amended complaint (Doc. No. 4) and over one hundred pages of exhibits, including the charge of discrimination she filed with the EEOC, emails, letters from physicians, photographs, and typed and handwritten narratives of her allegations (Doc. Nos. 4-1–4-3). DeMoss seeks $5,000 in damages for denial of a promotion, unpaid overtime, "discrimination, mental anguish, stress, refusal to transfer, hostile work environment, harassment, [and] intimidation." (Doc. No. 4, PageID# 65.)

The defendants moved to dismiss DeMoss's amended complaint under Rule 12(b)(6) for failure to state a claim on which relief can be granted, arguing that sovereign immunity bars DeMoss's claims. (Doc. Nos. 13, 14.) DeMoss has responded in opposition, arguing that she would like the defendants to "formally admit their wrong doings" and that she is "seeking damage[s] for [her] mental stress, anxiety, harassment, emotional distress, exacerbated health conditions, intimidation and bullying in the workplace" and "want[s] to have the chance to have her case heard in court." (Doc. No. 16, PageID# 250.) The defendants filed a reply that reiterates the arguments raised in the motion to dismiss. (Doc. No. 19.)

## II. Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because DeMoss appears pro se, the Court construes her filings "'liberally'" and holds her complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded

4

allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

III. Analysis

The defendants argue that sovereign immunity bars DeMoss's ADA claims against TDFA and against Braxton, Chatfield, Krall, and Tydings in their official capacities. (Doc. No. 14.) DeMoss does not address this argument in her response to the motion to dismiss.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although by its terms the Amendment applies only to suits against a state by citizens of another state, the Supreme Court has extended it to suits by citizens against their own states." *Babcock v. Michigan*, 812 F.3d 531, 533 (6th Cir. 2016) (citing *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)). Under Sixth Circuit precedent, "the entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity." *Nair v. Oakland Cnty. Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2002) (quoting *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002)).

Eleventh Amendment sovereign immunity only extends to suits against the state, state officials, or "an arm of the [s]tate[.]" *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). The parties do not dispute that TDFA, as an agency of the State of Tennessee, is an arm of the State for Eleventh Amendment purposes. Tenn. Code Ann. §§ 4-3-101(9); 4-3-1001; *See also M.A.C. ex rel. M.E.C. v. Smith*, No. 3:21-cv-509, 2021 WL 5995327, at *7 (M.D. Tenn. Dec. 20, 2021) (finding that TDFA was entitled to Eleventh Amendment immunity as an agency of the State of Tennessee). Further, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no

different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Eleventh Amendment does not bar claims against a state "(1) when the state has waived immunity by consenting to the suit; (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex parte Young*, 209 U.S. 123 (1908) applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017). None of these exceptions applies here.

The Tennessee Constitution provides that the State of Tennessee has sovereign immunity from claims brought against it unless the Tennessee General Assembly expressly waives that immunity. Tenn. Const. art. I, § 17. This provision is codified in Tenn. Code Ann. § 20-13-102(a), which the Sixth Circuit has held bars suits against the State of Tennessee in state or federal court where State treasury funds are potentially implicated, *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986), unless the legislature has expressly waived that immunity. *Woolsey v. Hunt*, 932 F.2d 555, 565 (6th Cir. 1991). DeMoss has not argued that the State of Tennessee has consented to this suit or expressly waived its immunity to suits under Title I of the ADA, and the Court is not aware of any such consent or waiver.

The second exception also does not apply to DeMoss's claims. In *Board of Trustees of University of Alabama v. Garrett*, the Supreme Court held that Congress did not abrogate the states' Eleventh Amendment sovereign immunity in enacting Title I of the ADA and, as a result, the ADA did not provide a private right of action for monetary damages against the states. 531 U.S. at 374; *see also Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011) ("Because Title I [of the ADA] did not abrogate the states' Eleventh Amendment immunity, individuals may not sue states for money damages under Title I." (citing *Garrett*, 531 U.S. at 374)). DeMoss's claims

seek monetary damages against TDFA and the individual defendants in their official capacities, and Congress has not abrogated the State of Tennessee's immunity from those claims.

The Supreme Court's holding in *Garrett* "does not mean that persons with disabilities have no federal recourse against discrimination" because private individuals may bring "actions for injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908)." *Garrett*, 531 U.S. at 374 n.9. The *Ex parte Young* exception permits suits for prospective injunctive relief against state officials acting in violation of federal law. *See* 209 U.S. 123 (1908). In the "Relief" section of her amended complaint, DeMoss details her request for money damages, but she does not request any prospective injunctive relief. (Doc. No 4, PageID# 65.) Accordingly, the *Ex parte Young* exception does not apply.

Because no exception to Eleventh Amendment sovereign immunity applies to DeMoss's claims against TDFA or her claims against Braxton, Chatfield, Krall, and Tydings in their official capacities, those claims must be dismissed.

DeMoss's amended complaint does not specify that she asserts claims against Braxton, Chatfield, Krall, and Tydings in their individual capacities. DeMoss's request for monetary damages is one factor that, while not dispositive of the issue, could place a defendant on notice that he or she is being sued in an individual capacity. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002). However, even if the Court liberally construed DeMoss's pro se complaint as alleging individual-capacity claims against Braxton, Chatfield, Krall, and Tydings, the ADA does not authorize individual-capacity suits against public employees or "supervisors who do not independently qualify under the [ADA's] statutory definition of employers . . . ." *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999). Because DeMoss has not alleged any facts that would allow the Court to infer that Braxton, Chatfield, Krall, and Tydings

qualify as employers under the ADA, DeMoss may not bring individual-capacity claims against those defendants.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the defendants' motion to dismiss (Doc. No. 13) be GRANTED and this action be DISMISSED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 15th day of August, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge